# CSM Legal, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510      Telephone: (212) 317-1200
New York, New York 10165      Facsimile: (212) 317-1620
frank@csm-legal.com

September 15, 2022

**BY ECF**
Hon. Judge John G. Koeltl
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:    Pliego et al v. Mon Cher Market Inc. et al
            1:21-cv-08037-JGK

Your Honor:

    This office represents Plaintiffs in the above referenced matter. Plaintiffs, with consent of Defendants, jointly write to respectfully request that the Court approve the settlement agreement ("the Agreement") reached by the Parties herein as "fair and reasonable." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012). A copy of the fully executed Settlement Agreement is attached hereto as **Exhibit A**.

    Plaintiffs have agreed to settle all of their claims in this action. Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement, and dismissal of these claims with prejudice, in exchange for the consideration set forth in the Agreement. The Agreement is the result of arms-length bargaining between experienced counsel. There was no fraud or collusion by any of the Parties during the settlement process. The Agreement reflects a desire by the Parties to fully and finally settle and compromise all of Plaintiffs' claims asserted in this case as outlined more specifically in the attached Agreement.

1. **Background**

    Plaintiffs filed this Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, spread of hours pursuant to the Hospitality Industry Wage Order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the Hospitality Wage Order), and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

    Plaintiffs contend that they were employed by Defendants' American/Asian restaurant, located at 339 Broadway, New York, NY 10013 under the name "Mon Cher Market." Plaintiffs report working long hours and being paid fixed hourly rates, regardless of how many hours a week Plaintiffs worked, resulting in them effectively being paid below the statutory minimum wage and overtime rates.

Page 2

Defendants deny the allegations in the Complaint, deny any wrongdoing, and deny any liability that might cause Plaintiffs to be entitled to the above-claimed sums.

2. **Settlement Terms**

Plaintiffs allege that they are collectively entitled to a total of $88,118.89 in unpaid overtime and minimum wage damages. Attached as **Exhibit B** is chart breaking down Plaintiffs' total damages.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

The proposed settlement represents a reasonable compromise between the strengths and weaknesses of the Parties' respective positions. Having conferred with Defendants, it became clear that there were sharply contested factual and legal disputes that went to the heart of Plaintiffs' claims. Considering the prospect of protracted litigation and an uncertain result, the Plaintiffs feel this is an excellent result and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

3. **Plaintiffs' Attorneys' Fees are Fair and Reasonable**

Under the settlement, and in accordance with his retainer agreement with the Plaintiffs, Plaintiffs' counsel will receive $10,319.33 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation, as well as a reduction in fees from what is identified in Plaintiff's retainer agreement.

Plaintiffs' counsel's lodestar in this case is $7,432.50 and Plaintiffs' costs are $479.00. A copy of Plaintiffs' billing record is attached as "**Exhibit C**." The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; *Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff' attorneys a contingency fee of one-third to account for risks in litigation); *see also*

Page 3

*Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Given Plaintiffs' counsel's significant experience representing Plaintiffs in New York City in wage and hour litigation, counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

i. Catalina Sojo ("CS"), is the Managing Member of CSM Legal, P.C., formerly Michael Faillace & Associates. She graduated with a J.D. equivalent degree from Pontificia Universidad Javeriana in Bogota, Colombia, in 2017. She received a Master of Laws degree (LL.M.) from Cornell University School of Law in 2019. Prior to joining Michael Faillace & Associates in June 2020, she focused her practice in intellectual property litigation and enforcement, having worked as an associate at Baker McKenzie and as in-house counsel at ViacomCBS. Her work is billed at a rate of $350 per hour.

ii. Frank J. Palermo ("FP"), an associate attorney of CSM Legal, PC, graduated with a J.D. from Pennsylvania State University – Dickinson School of Law in 2017. Prior to joining CSM Legal, PC in March 2022, he focused his practice in personal injury and construction accidents as an associate at Jonathan D'Agostino & Associates. His work is billed at a rate of $350 per hour.

iii. Work performed by paralegals ("PU" & "PL") is billed at the rate of $125 per hour.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

Respectfully submitted,

/s/Frank Palermo
Frank J. Palermo
CSM LEGAL
Attorneys for the Plaintiff

cc:   All Counsel (via ECF)