# CSM Legal, P.C.
### Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510
New York, New York 10165
frank@csm-legal.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

September 15, 2022

**BY ECF**
Hon. Judge John G. Koeltl
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

> *[Handwritten endorsement:]* The Settlement is approved. The settlement, including the provision of attorney's fees and costs is fair, reasonable and adequate. The parties should submit a fully executed Stipulation of Dismissal with Prejudice for the Court's signature.
>
> So Ordered
> /s/ John G. Koeltl
> U.S.D.J.
> 9/16/22

Re:   Pliego et al v. Mon Cher Market Inc. et al
      1:21-cv-08037-JGK

Your Honor:

This office represents Plaintiffs in the above referenced matter. Plaintiffs, with consent of Defendants, jointly write to respectfully request that the Court approve the settlement agreement ("the Agreement") reached by the Parties herein as "fair and reasonable." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012). A copy of the fully executed Settlement Agreement is attached hereto as **Exhibit A**.

Plaintiffs have agreed to settle all of their claims in this action. Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement, and dismissal of these claims with prejudice, in exchange for the consideration set forth in the Agreement. The Agreement is the result of arms-length bargaining between experienced counsel. There was no fraud or collusion by any of the Parties during the settlement process. The Agreement reflects a desire by the Parties to fully and finally settle and compromise all of Plaintiffs' claims asserted in this case as outlined more specifically in the attached Agreement.

1. **Background**

Plaintiffs filed this Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq*., spread of hours pursuant to the Hospitality Industry Wage Order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the Hospitality Wage Order), and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

Plaintiffs contend that they were employed by Defendants' American/Asian restaurant, located at 339 Broadway, New York, NY 10013 under the name "Mon Cher Market." Plaintiffs report working long hours and being paid fixed hourly rates, regardless of how many hours a week Plaintiffs worked, resulting in them effectively being paid below the statutory minimum wage and overtime rates.

Page 2

Defendants deny the allegations in the Complaint, deny any wrongdoing, and deny any liability that might cause Plaintiffs to be entitled to the above-claimed sums.

## 2. Settlement Terms

Plaintiffs allege that they are collectively entitled to a total of $88,118.89 in unpaid overtime and minimum wage damages. Attached as **Exhibit B** is chart breaking down Plaintiffs' total damages.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

The proposed settlement represents a reasonable compromise between the strengths and weaknesses of the Parties' respective positions. Having conferred with Defendants, it became clear that there were sharply contested factual and legal disputes that went to the heart of Plaintiffs' claims. Considering the prospect of protracted litigation and an uncertain result, the Plaintiffs feel this is an excellent result and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

## 3. Plaintiffs' Attorneys' Fees are Fair and Reasonable

Under the settlement, and in accordance with his retainer agreement with the Plaintiffs, Plaintiffs' counsel will receive $10,319.33 from the settlement fund as attorneys' fees and costs. This represents one-third of the recovery in this litigation, as well as a reduction in fees from what is identified in Plaintiff's retainer agreement.

Plaintiffs' counsel's lodestar in this case is $7,432.50 and Plaintiffs' costs are $479.00. A copy of Plaintiffs' billing record is attached as "**Exhibit C.**" The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; *Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Castaneda v. My Belly's Playlist LLC*, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff attorneys a contingency fee of one-third to account for risks in litigation); *see also*

Page 3

*Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Given Plaintiffs' counsel's significant experience representing Plaintiffs in New York City in wage and hour litigation, counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

   i.   Catalina Sojo ("CS"), is the Managing Member of CSM Legal, P.C., formerly Michael Faillace & Associates. She graduated with a J.D. equivalent degree from Pontificia Universidad Javeriana in Bogota, Colombia, in 2017. She received a Master of Laws degree (LL.M.) from Cornell University School of Law in 2019. Prior to joining Michael Faillace & Associates in June 2020, she focused her practice in intellectual property litigation and enforcement, having worked as an associate at Baker McKenzie and as in-house counsel at ViacomCBS. Her work is billed at a rate of $350 per hour.

   ii.  Frank J. Palermo ("FP"), an associate attorney of CSM Legal, PC, graduated with a J.D. from Pennsylvania State University – Dickinson School of Law in 2017. Prior to joining CSM Legal, PC in March 2022, he focused his practice in personal injury and construction accidents as an associate at Jonathan D'Agostino & Associates. His work is billed at a rate of $350 per hour.

   iii. Work performed by paralegals ("PU" & "PL") is billed at the rate of $125 per hour.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

Respectfully submitted,

/s/Frank Palermo
Frank J. Palermo
CSM LEGAL
Attorneys for the Plaintiff

cc: All Counsel (via ECF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EFRAIN PONCE PLIEGO, MIGUEL ANGEL LEON, and OSCAR BLANCAS GARCIA, *individually and on behalf of others similarly situated*,

                      *Plaintiffs*,

-against-

MON CHER MARKET INC. (D/B/A MON CHER MARKET) and JAE SOO LEE,

                      *Defendants.*

Docket No.: 1:21-cv-08037-JGK

**SETTLEMENT AGREEMENT AND RELEASE**

    This Settlement Agreement and Release of Claims (this "Agreement") is entered into by and among Efrain Ponce Pliego, Miguel Angel Leon, and Oscar Blancas Garcia ("Plaintiffs"), on the one hand, and Mon Cher Market Inc. (D/B/A Mon Cher Market) ("Corporate Defendant") and Jae Soo Lee ("Individual Defendant") (collectively, "Defendants"), on the other hand.

    WHEREAS, Plaintiffs alleged that they worked for Defendants as an employee; and

    WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No.: 1:21-cv-08037-JGK (hereinafter "the Litigation" or "Action"), alleging, *inter alia*, a violation of federal and state wage and hour laws; and

    WHEREAS, Defendants deny any violation of federal and state wage and hour laws; and

    WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

    NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

    1.    Preliminary Matters. Plaintiffs have reviewed the terms of this Agreement, have had the opportunity to confer with their legal counsel, Frank J. Palermo of CSM Legal, P.C. ("Plaintiffs' Counsel"), and/or other advisors of their own choosing in order to obtain advice with respect to the terms of this Agreement. The Parties participated in lengthy settlement discussions. Plaintiffs acknowledge that it is their choice to waive any potential wage and hour claims in return

for the benefits set forth herein and that they made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm that they fully understand the terms of this Agreement, and that they are signing this Agreement voluntarily. Given the promises set forth in this Agreement, Plaintiffs represent and warrant that they now have been properly paid for all time worked during their employment by Defendants, and acknowledge and agree that they will no longer have any entitlement to any wages, overtime, bonuses, commissions, gratuities, spread of hours pay, reimbursements, payouts, severance pay, vacation pay, or other compensation or benefits from any of the Defendants.

2. Dismissal of Pending Action. For and in consideration of the promises outlined in this Agreement, the sufficiency of which Plaintiffs acknowledge, Plaintiffs shall (i) dismiss with prejudice, or cause to be dismissed with prejudice, the Action as against all Defendants, including but not limited to, any claims brought in the Action by Plaintiffs; (ii) not re-file the causes of action asserted in the Action against Defendants; and (iii) not institute any action against any Defendants in any court or other forum based on allegations or claims existing prior to the date of this Agreement that are released, as set forth in this Agreement. The Parties expressly authorize their counsel to submit any papers to the Court that are necessary to effectuate the dismissal of the Action with prejudice (including the Stipulation of Dismissal annexed hereto as **Exhibit A**), approval of this settlement as fair and reasonable, and/or the effectuation of a full release of wage and hour claims as specified herein. Court's approval of this Agreement and dismissal of the Litigation is a material condition of this Agreement and the Parties' obligations hereunder. Failure of the Court to approve this Agreement and enter the Stipulation of Dismissal renders this Agreement null and void, and no payments shall be made pursuant to Paragraph 3 of this Agreement.

3. Payment: In consideration for Plaintiffs' execution of and compliance with this Agreement, and the dismissal with prejudice of the Action by Plaintiffs as against Defendants, Defendants shall pay or cause to be paid to Plaintiffs and their counsel, subject to the terms and conditions of this Agreement, the total sum of Thirty Thousand Dollars and No Cents ($30,000.00) (at times, referred to as the "Settlement Amount"). The Settlement Amount shall be distributed as follows:

| EFRAIN PONCE PLIEGO | $13,581.63 |
| --- | --- |
| MIGUEL ANGEL LEON | $4,819.80 |
| OSCAR BLANCAS GARCIA | $1,279.24 |
| CSM LEGAL, P.C. | $10,319.33 |

Defendants shall remit each payment by check, within thirty (30) days of the Court's approval of this Agreement, as follows: One check in the amount of Thirteen Thousand Five Hundred Eighty-One Dollars and Sixty-Three Cents ($13,581.63) made payable to "Efrain Ponce

-2-

Pliego"; One check in the amount of Four Thousand Eight Hundred Nineteen Dollars and Eighty Cents ($4,819.80) made payable to "Miguel Angel Leon"; One check in the amount of One Thousand Two Hundred Seventy-Nine Dollars and Twenty-Four Cents ($1,279.24) made payable to "Oscar Blancas Garcia"; and One check in the amount of Ten Thousand Three Hundred Nineteen Dollars and Thirty-Three Cents ($10,319.33) made payable to "CSM Legal, P.C.". Defendants shall make the payments by sending the checks via hand-delivery, or by the United States Postal Service, United Parcel Service, or Federal Express with a tracking number, addressed to CSM Legal, P.C., 60 East 42nd Street, Suite 4510, New York, New York 10165. 1099s shall be issued by Defendants for each of the (4) checks at the end of the tax year.

4.  Taxes. Plaintiffs expressly acknowledge and agree that they are responsible for the payment of all federal, state, and local taxes, interest, and penalties assessed, if any, that are required by law to be paid by them with respect to the Settlement Amount. Plaintiffs acknowledge and assume all responsibility for paying those amounts. Plaintiffs acknowledge and agree to protect, indemnify, and hold harmless Defendants from any tax payment, interest, attorneys' fees, and penalties attributable to Plaintiffs in connection with their responsibilities set forth in this Paragraph. Plaintiffs acknowledge that they have not received any tax advice, other than to seek advice from a tax professional, from any Party or attorney appearing in this Lawsuit.

5.  Releases. For and in consideration of the promises, payments, and actions of the Defendants set forth in this Agreement, and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiffs, on behalf of themselves, their heirs, beneficiaries, estate, executors, administrators, trustees, agents, representatives, attorneys, legal representatives, successors, assigns and any other entity or individual, in their respective capacity as such, who may make any wage and hour claim by or through Plaintiffs, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever releases, relieves, waives, relinquishes, and discharges Defendants and each of their parents, subsidiaries, affiliates, predecessors, successors, related entities, assigns, insurers, employee benefit plans and programs, and fiduciaries, and all of their future, present, and former owners, directors, officers, partners, members, shareholders, employees, representatives, agents, attorneys, and insurers from, and with respect to, any and all wage and hour actions, causes of action, suits, liabilities, claims, charges, rights, and demands whatsoever, to the maximum extent permitted by law, which have accrued from the beginning of time through the date that Plaintiffs execute this Agreement, relating specifically to the claims in the Litigation that have accrued as of the Effective Date of this Agreement, in particular and including the claims under the Fair Labor Standards Act, the New York Labor Law, the New York Minimum Wage Act, and the Hospitality Wage Order of the New York Commissioner of Labor, and any other applicable wages and hour payments laws, rules, or regulations for anything that has occurred up to the date of this Agreement. Similarly, Defendants release and discharge Plaintiffs from any and all known or unknown wage and hour claims and liabilities of such kind that they have, had, or claimed to have against Plaintiffs, relating specifically to the claims in the Litigation that have accrued as of the Effective Date of this Agreement.

6.  No Pending or Future Lawsuits. Plaintiffs represent that they have no wage and hour lawsuits, claims, actions, or administrative proceedings pending in their names, or on behalf of any other person or entity, against the Defendants or any other person or entity referred to herein.

Plaintiffs also represent that they do not intend to bring any wage and hour claims on their own behalf or on behalf of any other person or entity against Defendants or any other person or entity referred to herein. Defendants represent that they have no wage and hour lawsuits, claims, actions, or administrative proceedings pending in their names, or on behalf of any other person or entity, against Plaintiffs or any other person or entity referred to herein. Defendants also represent that they do not intend to bring any wage and hour claims on their own behalf or on behalf of any other person or entity against Plaintiffs or any other person or entity referred to herein.

7. No Admission of Liability. The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties hereto, or either of them, either previously or in connection with this Agreement, shall be deemed or construed to be (a) an admission of the truth or falsity of any claims and defenses heretofore made or (b) an acknowledgment or admission by either party of any fault or liability whatsoever to the other party or to any third party. Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability, or assessment of liability by any Defendants under any law, ordinance, rule, regulation, policy, or order with respect to any claim that Plaintiffs have asserted, could have asserted, or may assert in connection with Plaintiffs' employment with Defendants. Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiffs, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

8. Non-Disparagement: The parties shall not make any electronic (such as on the Internet, social media, text, or email), oral, or written statement or disclosure that would negatively comment on, disparage, or call into question the business operations, policies, or conduct of the other, including, but not limited to, anything that is or could be seen as disparaging, discriminatory, harassing, degrading, or embarrassing to the other. Defendants agree that they will not make any statement or disclosure to anyone in connection with an employment reference for Plaintiffs that would negatively comment on or disparage Plaintiffs or that is or could be seen as disparaging, discriminatory, harassing, degrading, or embarrassing to Plaintiffs. Nothing in this clause shall be construed to limit the parties' ability to testify truthfully pursuant to a subpoena, court order, or other legal mandate. Further, nothing within this clause shall prohibit the Parties from making truthful statements about their experience in litigating this action.

9. Modification of the Agreement: This Agreement may not be changed unless the changes are in writing and signed by Plaintiffs and Defendants. Failure to insist on compliance with any term, covenant, or condition contained in this Agreement shall not be deemed a waiver of that term, covenant, or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

10. Notices: Notices required under this Agreement shall be in writing and shall be deemed given on electronic transmission and the first business day following first-class mailing thereof. Notice hereunder shall be delivered to:

To Plaintiff:

-4-

Catalina Sojo, Esq.
CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Tel: (212) 317-1200
Email: catalina@csm-legal.com

To Defendants:

Younghoon Ji, Esq.
AHNE & JI, LLP
45 East 34th Street, 5th Floor
New York, NY 10016
Tel.: (212) 594-1035, Ext. 403
Email: yji@ahnejillp.com

11. **Governing Law**: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York, County of New York in any subsequent proceeding to enforce this Agreement.

12. **Enforceability:** If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void, or unenforceable, Plaintiffs agree to promptly execute a release, waiver, and/or covenant that is legal and enforceable.

13. **Acknowledgments.** Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation, or promise in executing this Agreement except for statements, representations, or promises expressly set forth in this Agreement. It is understood and agreed that the Settlement Amount and the other good and valuable consideration provided for herein, are not a mere recital but are the consideration for this Agreement and all terms herein, including the releases effected thereby. The Parties represent and warrant that the Settlement Amount is fair and reasonable. The Parties represent and warrant that they are entering into this Agreement of their own free will and accord after consultation with their counsel. The Parties acknowledge that they have jointly prepared this Agreement and that they are executing this Agreement knowingly and voluntarily. Plaintiffs acknowledge that they have not previously transferred, assigned, or conveyed any right or claim released in this Agreement. The undersigned individuals hereby warrant and represent that they are fully competent and have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and/or entities for which or for whom they have signed, and that they are acting within the scope of their authority.

14.  **Headings.** The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement

15.  **No Other Representations or Agreements.** Each Party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys to induce the execution of this Agreement. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except this Agreement. This Agreement constitutes and contains the entire agreement amongst the parties, and supersedes and replaces all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning the subject matter hereof.

16.  **Counterparts:** To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original, but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. An executed facsimile or email copy of this Agreement shall have the same force and effect as the original. The use of a facsimile or an electronica signature shall have the same validity and effect as the use of a signature affixed by hand for all purposes. This Agreement must be executed by all Parties.

17.  **Successors and Assigns.** This Agreement will apply to, be binding in all respects upon, and inure to the benefit of the respective successors and assigns of the Parties, including their personal representatives, administrators, executors, heirs, and others taking from them; provided, however, that no party may delegate or avoid any of his/its liabilities or obligations under this Agreement.

18.  **Bona Fide Dispute:** This Agreement is in settlement of disputed claims. The Parties agree that there is a bona fide dispute as to whether Plaintiffs could prevail on the merits of their claims and that the Settlement Amount being paid to Plaintiffs is a fair and reasonable resolution to this bona fide dispute.

**IN WITNESS WHEREOF,** and intending to be bound, the Parties hereto have executed this Agreement.

**PLAINTIFFS:**

By: _____     Date: 09/07/22
    EFRAIN PONCE PLIEGO

By: _Miguel Angel_____     Date: 09/07/22
    MIGUEL ANGEL LEON

- 6 -

By: _OSCAR_        Date: 9-7-22
    OSCAR BLANCAS GARCIA

**DEFENDANTS:**

By: _____        Date: 9/14/22
    MON CHER MARKET INC.
    (D/B/A MON CHER MARKET)

Sworn to and subscribed to before
me this 14th day of September, 2022

_____
NOTARY PUBLIC

```
YOUNGHOON JI
Notary Public-State of New York
No. 02JI6353287
Qualified in Nassau County
Commission Expires 01/23/2025
```

By: _____        Date: 9/14/22
    JAE SOO LEE

- 7 -

# EXHIBIT A

- 8 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EFRAIN PONCE PLIEGO, MIGUEL ANGEL LEON, and OSCAR BLANCAS GARCIA, *individually and on behalf of others similarly situated,*<br><br>                      *Plaintiffs,*<br><br>-against-<br><br>MON CHER MARKET INC. (D/B/A MON CHER MARKET) and JAE SOO LEE,<br><br>                      *Defendants.* | Docket No.: 1:21-cv-08037-JGK<br><br>**STIPULATION OF DISMISSAL WITH PREJUDICE** |

**IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties in the above-captioned action, through their undersigned counsel that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, in accordance with Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Complaint in the above-captioned action and all claims alleged therein be dismissed with prejudice, with each party to bear their own fees and costs; and further that Plaintiffs are precluded from bringing any further claims under the Fair Labor Standards Act, New York Labor Law, or any other federal, state, or local law, for unpaid wages, including overtime pay, for the period set forth in the Complaint, or any other wage and hour claims that were asserted and alleged, or could have been asserted or alleged, in the Complaint, for the period set forth in the Complaint.

**IT IS FURTHER STIPULATED AND AGREED**, that this Stipulation may be executed in counterparts with scanned PDF or facsimile signatures treated as originals.

CSM Legal, P.C.                                  Ahne & Ji, LLP

By:                                              By:

  Frank J Palermo, Esq.                            Younghoon Ji, Esq.
  60 East 42nd Street, Suite, 4510                 45 East 34th Street, 5th Floor
  New York, New York 10165                         New York, NY 10016
  Tel.: (212) 317-1200                             Tel.: (212) 594-1035, Ext. 403
  Email: frank@csm-legal.com                       Email: yji@ahnejillp.com
                                                   *Attorney for Defendants*
  *Attorneys for Plaintiff*

SO ORDERED:

_____
HON. JOHN G. KOELTL, U.S.D.J.

- 10 -

Privileged Settlement Communication

Subject to Revision / Correction

| Plaintiff | Pay Period From | To | No. Weeks in Pay Period | Hours Per Week in Period | No. of SOH Days Per Wk in Period | Calc. Regular Rate of Pay | Calc. OT Rate of Pay | Minimum Wage Rate | Minimum Overtime (OT) | Lawful Weekly Pay | "Credited" Weekly Pay | Underpayment Per Week | Unpaid Wages & OT | Liq. Damages on Wages & OT | Unpaid Spread of Hours (SOH) Pay |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Efrain Ponce Pliego | 9/29/2015 | 12/31/2015 | 13 | 61 | 5 | $ 11.50 | $ 17.25 | $ 8.75 | $ 13.13 | $ 822.25 | $ 690.00 | $ 132.25 | $ 1,719.25 | $ 1,719.25 | $ 568.75 |
| | 1/1/2016 | 12/31/2016 | 52 | 61 | 5 | $ 11.50 | $ 17.25 | $ 9.00 | $ 13.50 | $ 822.25 | $ 690.00 | $ 132.25 | $ 6,877.00 | $ 6,877.00 | $ 2,340.00 |
| | 1/1/2017 | 12/31/2017 | 52 | 61 | 5 | $ 11.50 | $ 17.25 | $ 11.00 | $ 16.50 | $ 822.25 | $ 690.00 | $ 132.25 | $ 6,877.00 | $ 6,877.00 | $ 2,860.00 |
| | 1/1/2018 | 12/31/2018 | 52 | 56 | 5 | $ 13.50 | $ 20.25 | $ 13.00 | $ 19.50 | $ 864.00 | $ 742.50 | $ 121.50 | $ 6,318.00 | $ 6,318.00 | $ 3,380.00 |
| | 1/1/2019 | 3/31/2019 | 13 | 56 | 5 | $ 13.50 | $ 20.25 | $ 15.00 | $ 22.50 | $ 960.00 | $ 742.50 | $ 217.50 | $ 2,827.50 | $ 2,827.50 | $ 975.00 |
| | 4/1/2019 | 12/31/2019 | 39 | 54 | 3 | $ 15.00 | $ 22.50 | $ 15.00 | $ 22.50 | $ 915.00 | $ 795.00 | $ 120.00 | $ 4,680.00 | $ 4,680.00 | $ 1,755.00 |
| | 1/1/2020 | 4/15/2020 | 15 | 54 | 3 | $ 15.00 | $ 22.50 | $ 15.00 | $ 22.50 | $ 915.00 | $ 795.00 | $ 120.00 | $ 1,800.00 | $ 1,800.00 | $ 675.00 |
| | 4/16/2020 | 12/31/2020 | 37 | 37.5 | 0 | $ 15.00 | $ 22.50 | $ 15.00 | $ 22.50 | $ 562.50 | $ 525.00 | $ 37.50 | $ 1,387.50 | $ 1,387.50 | $ - |
| | 1/1/2021 | 5/31/2021 | 21 | 37.5 | 0 | $ 15.00 | $ 22.50 | $ 15.00 | $ 22.50 | $ 562.50 | $ 525.00 | $ 37.50 | $ 787.50 | $ 787.50 | $ - |
| | | | | | | | | | | | | TOTAL: | $ 33,273.75 | $ 33,273.75 | $ 12,553.75 |
| Miguel Angel Leon | 9/29/2015 | 12/31/2015 | 13 | 62 | 1 | $ 8.87 | $ 13.31 | $ 8.75 | $ 13.13 | $ 647.58 | $ 550.00 | $ 97.58 | $ 1,268.55 | $ 1,268.55 | $ 113.75 |
| | 1/1/2016 | 12/31/2016 | 52 | 62 | 1 | $ 8.87 | $ 13.31 | $ 9.00 | $ 13.50 | $ 657.00 | $ 550.00 | $ 107.00 | $ 5,564.00 | $ 5,564.00 | $ 468.00 |
| | 1/1/2017 | 12/31/2017 | 52 | 62 | 1 | $ 8.87 | $ 13.31 | $ 11.00 | $ 16.50 | $ 803.00 | $ 550.00 | $ 253.00 | $ 13,156.00 | $ 13,156.00 | $ 572.00 |
| | 1/1/2018 | 12/31/2018 | 52 | 55 | 0 | $ 13.50 | $ 20.25 | $ 13.00 | $ 19.50 | $ 843.75 | $ 742.50 | $ 101.25 | $ 5,265.00 | $ 5,265.00 | $ - |
| | 1/1/2019 | 6/30/2019 | 26 | 46 | 0 | $ 15.00 | $ 22.50 | $ 15.00 | $ 22.50 | $ 735.00 | $ 690.00 | $ 45.00 | $ 1,170.00 | $ 1,170.00 | $ - |
| | | | | | | | | | | | | TOTAL: | $ 26,423.55 | $ 26,423.55 | $ 1,153.75 |
| Oscar Blancas Garcia | 9/29/2015 | 12/31/2015 | 13 | 55 | 0 | $ 13.64 | $ 20.45 | $ 8.75 | $ 13.13 | $ 852.27 | $ 750.00 | $ 102.27 | $ 1,329.55 | $ 1,329.55 | $ - |
| | 1/1/2016 | 12/31/2016 | 52 | 55 | 0 | $ 13.64 | $ 20.45 | $ 9.00 | $ 13.50 | $ 852.27 | $ 750.00 | $ 102.27 | $ 5,318.18 | $ 5,318.18 | $ - |
| | 1/1/2017 | 12/31/2017 | 52 | 55 | 0 | $ 13.64 | $ 20.45 | $ 11.00 | $ 16.50 | $ 852.27 | $ 750.00 | $ 102.27 | $ 5,318.18 | $ 5,318.18 | $ - |
| | 1/1/2018 | 12/31/2018 | 52 | 55 | 0 | $ 13.64 | $ 20.45 | $ 13.00 | $ 19.50 | $ 852.27 | $ 750.00 | $ 102.27 | $ 5,318.18 | $ 5,318.18 | $ - |
| | 1/1/2019 | 12/31/2019 | 52 | 55 | 0 | $ 15.00 | $ 22.50 | $ 15.00 | $ 22.50 | $ 937.50 | $ 825.00 | $ 112.50 | $ 5,850.00 | $ 5,850.00 | $ - |
| | 1/1/2020 | 3/30/2020 | 13 | 55 | 0 | $ 15.00 | $ 22.50 | $ 15.00 | $ 22.50 | $ 937.50 | $ 825.00 | $ 112.50 | $ 1,462.50 | $ 1,462.50 | $ - |
| | 6/1/2020 | 12/31/2020 | 30 | 55 | 0 | $ 15.00 | $ 22.50 | $ 15.00 | $ 22.50 | $ 937.50 | $ 825.00 | $ 112.50 | $ 3,375.00 | $ 3,375.00 | $ - |
| | 1/1/2021 | 1/31/2021 | 4 | 55 | 0 | $ 15.00 | $ 22.50 | $ 15.00 | $ 22.50 | $ 937.50 | $ 825.00 | $ 112.50 | $ 450.00 | $ 450.00 | $ - |
| | | | | | | | | | | | | TOTAL: | $ 28,421.59 | $ 28,421.59 | $ - |
| | | | | | | | | | | | | TOTAL: | $ 88,118.89 | $ 88,118.89 | $ 13,707.50 |

1 This chart is based upon preliminary information and the expected testimony of Plaintiffs.
2 Plaintiffs reserve the right to correct or amend this chart.
3 This Chart was prepared without the benefit of discovery, or the benefit of Defendants' required wage and hour records under the FLSA and NYLL.

Privileged Settlement Communication

Subject to Revision / Correction

| Plaintiff | Pay Period From | Pay Period To | Liq. Damages on unpaid SOH | Annual Wage Notice | Weekly Wage Statement | Pre-Jud. Interest (PJI) on OT & Wages | (P.JI) Spread of Hours | Tools of the Trade | Total Per Period | Additional Charges Deducted From Lunch |
|---|---|---|---|---|---|---|---|---|---|---|
| Efrain Ponce Pliego | 9/29/2015 | 12/31/2015 | $ 568.75 | $ 5,000.00 | $ 5,000.00 | $ 1,058.61 | $ 350.20 | $ 60.00 | $ 16,044.81 | $130.00 |
|  | 1/1/2016 | 12/31/2016 | 2,340.00 |  |  | 3,844.44 | 1,308.13 | 60.00 | 23,648.56 | $520.00 |
|  | 1/1/2017 | 12/31/2017 | 2,860.00 |  |  | 3,224.65 | 1,341.07 | 60.00 | 24,039.73 | $520.00 |
|  | 1/1/2018 | 12/31/2018 | 3,380.00 |  |  | 2,393.92 | 1,280.70 | 60.00 | 23,070.62 | $520.00 |
|  | 1/1/2019 | 3/31/2019 | 975.00 |  |  | 912.74 | 314.74 | 30.00 | 8,832.48 | $130.00 |
|  | 4/1/2019 | 12/31/2019 | 1,755.00 |  |  | 1,300.15 | 467.56 | 30.00 | 14,857.70 | $390.00 |
|  | 1/1/2020 | 4/15/2020 | 675.00 |  |  | 415.81 | 155.81 | 30.00 | 5,521.32 | $150.00 |
|  | 4/16/2020 | 12/31/2020 |  |  |  | 257.68 |  | 30.00 | 3,032.68 | $370.00 |
|  | 1/1/2021 | 5/31/2021 |  |  |  | 106.35 |  | 30.00 | 1,681.35 | $210.00 |
|  |  |  | $ 12,553.75 |  | $ 5,000.00 | $ 13,514.05 | $ 5,238.21 | 390.00 | $ 120,527.26 | $2,940.00 |
|  |  |  |  |  |  |  |  |  |  |  |
| Miguel Angel Leon | 9/29/2015 | 12/31/2015 | $ 113.75 | $ 5,000.00 | $ 5,000.00 | $ 781.10 | $ 70.04 |  | $ 13,615.73 | $30.33 |
|  | 1/1/2016 | 12/31/2016 | 468.00 |  |  | 3,110.43 | 261.63 |  | 15,436.06 | $121.33 |
|  | 1/1/2017 | 12/31/2017 | 572.00 |  |  | 6,168.92 | 268.21 |  | 33,893.13 | $121.33 |
|  | 1/1/2018 | 12/31/2018 |  |  |  | 1,094.84 |  |  | 12,524.94 | $121.33 |
|  | 1/1/2019 | 6/30/2019 |  |  |  | 364.66 |  |  | 2,704.56 | $60.67 |
|  |  |  | $ 1,153.75 |  | $ 5,000.00 | $ 12,419.94 | $ 599.88 | - | $ 78,174.42 | $455.00 |
|  |  |  |  |  |  |  |  |  |  |  |
| Oscar Blancas Garcia | 9/29/2015 | 12/31/2015 | - | $ 5,000.00 | $ 5,000.00 | $ 818.66 | - |  | $ 13,477.75 | 30.33 |
|  | 1/1/2016 | 12/31/2016 | - |  |  | 2,973.01 | - |  | 13,509.38 | 121.33 |
|  | 1/1/2017 | 12/31/2017 | - |  |  | 2,493.72 | - |  | 13,190.06 | 121.33 |
|  | 1/1/2018 | 12/31/2018 | - |  |  | 2,015.09 | - |  | 12,651.45 | 121.33 |
|  | 1/1/2019 | 12/31/2019 | - |  |  | 1,690.09 | - |  | 13,390.09 | 121.33 |
|  | 1/1/2020 | 3/30/2020 | - |  |  | 340.48 | - |  | 3,265.48 | 30.33 |
|  | 6/1/2020 | 12/31/2020 | - |  |  | 607.64 | - |  | 7,357.64 | 70.00 |
|  | 1/1/2021 | 1/31/2021 | - |  |  | 67.43 | - |  | 967.43 | 9.33 |
|  |  |  | - |  | $ 5,000.00 | $ 11,006.13 | - |  | $ 77,849.31 | 625.33 |
|  |  |  |  |  |  |  |  |  |  |  |
|  |  |  | $ 13,707.50 |  | $ 15,000.00 | $ 36,940.12 | $ 5,838.08 | 390.00 | $ 276,550.98 | $4,020.33 |

| Filing Date | 9/28/2021 |
| FLSA | 10/7/2016 |
| NYLL | 10/7/2013 |
| Amendment | 4/9/2011 |
| Today | 9/15/2022 |

Date: 08/26/2022



# CSM Legal, P.C.

60 E 42nd St, #4510
New York, NEW YORK 10165
United States

Efrain Ponce Pliego

## 02803-MonCherMarke

## Pliego et al v. Mon Cher Market Inc. et al - 1:21-cv-08037 - SDNY

**Services**

| Type | Date | Notes | Attorney | Quantity | Rate | Total |
|---|---|---|---|---|---|---|
| Service | 07/09/2021 | Interview each client individually | PL | 3.00 | $125.00 | $375.00 |
| Service | 08/23/2021 | follow up on clients to verify everything in interview is up to date and correct | PL | 0.50 | $125.00 | $62.50 |
| Service | 08/30/2021 | Begin Drafting Complaint | PL | 1.00 | $125.00 | $125.00 |
| Service | 09/20/2021 | Drafting Complaint | PL | 2.00 | $125.00 | $250.00 |
| Service | 09/23/2021 | Sent complaint to attorney to look over for corrections and edits | PL | 0.50 | $125.00 | $62.50 |
| Service | 09/23/2021 | Review and edit complaint to send back to paralegal for final edits before filing complaint | CS | 1.00 | $350.00 | $350.00 |
| Service | 12/22/2021 | drft: Drafting Joint Letter/Case Management Plan | CS | 0.50 | $300.00 | $150.00 |
| Service | 12/22/2021 | em: E-mail to OC enclosing CMP/JL | CS | 0.20 | $300.00 | $60.00 |
| Service | 12/22/2021 | em: E-mail to DC re: joint status letter/case management | CS | 0.30 | $300.00 | $90.00 |
| Service | 01/07/2022 | em: E-mail to opposing counsel re: joint letter to court and CMP | CS | 0.10 | $300.00 | $30.00 |
| Service | 01/07/2022 | em: E-mail correspondence with DC re: joint letter to court | CS | 0.30 | $300.00 | $90.00 |
| Service | 01/07/2022 | drft: Drafting Pre-Trial Joint Letter to the | CS | 1.00 | $300.00 | $300.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | Court | | | | |
| Service | 01/13/2022 | em: E-mail correspondence with DC re: revisions to the joint status letter and case management plan | CS | 0.30 | $300.00 | $90.00 |
| Service | 01/13/2022 | drft: Drafting and updating the joint status letter and case management plan | CS | 0.30 | $300.00 | $90.00 |
| Service | 02/03/2022 | em: E-mail to mediator and DC re: scheduling meet and confer | CS | 0.40 | $300.00 | $120.00 |
| Service | 05/10/2022 | create damages chart | PL | 1.00 | $125.00 | $125.00 |
| Service | 05/18/2022 | reviewed damages chart | FP | 0.30 | $350.00 | $105.00 |
| Service | 06/07/2022 | spok: Confirm appointment to verify docs | PL | 0.10 | $125.00 | $12.50 |
| Service | 06/07/2022 | rev: Reviewing Documents | PL | 0.20 | $125.00 | $25.00 |
| Service | 06/13/2022 | review Ds discover docs | FP | 1.00 | $350.00 | $350.00 |
| Service | 06/14/2022 | Prep and Mediation pt2 | FP | 2.50 | $350.00 | $875.00 |
| Service | 06/14/2022 | Prep and Mediation pt1 | FP | 3.00 | $350.00 | $1,050.00 |
| Service | 07/20/2022 | Called OC re: settlement | FP | 0.20 | $350.00 | $70.00 |
| Service | 08/04/2022 | pre-trial doc prep: JPTO, charge, voir dire | FP | 5.00 | $350.00 | $1,750.00 |
| Service | 08/23/2022 | Prepare settlement docs | FP | 2.00 | $350.00 | $700.00 |
| Service | 08/25/2022 | create new damages chart | PL | 1.00 | $125.00 | $125.00 |
| | | | | **Services Subtotal** | | **$7,432.50** |

## Expenses

| Type | Date | Notes | Quantity | Rate | Total |
|---|---|---|---|---|---|
| Expense | 09/28/2021 | Filing Fee | 1.00 | $402.00 | $402.00 |
| Expense | 09/28/2021 | Process Server | 1.00 | $77.00 | $77.00 |
| | | | **Expenses Subtotal** | | **$479.00** |
| | | | | Subtotal | $7,911.50 |
| | | | | Total | $7,911.50 |